IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CARROLL BOSTON CORRELL, JR.,
On behalf of himself and
others similarly situated,

    Plaintiff,

v.                      Civil Action No. 3:16CV467

MARK R. HERRING,
In his official capacity as
Attorney General of the
Commonwealth of Virginia, et al.,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Docket No. 4). Pursuant to the 9:45 a.m. conference call of June 28, 2016, the Court reiterates that the parties' briefing should address the following topics, as well as such topics as the parties shall consider appropriate:

    (1) Whether **Va. Code** § 24.2-545(D) is enforceable if the offending act occurs outside of Virginia.

    (2) As to the issue of laches, whether there has been reliance or a change of position by the Defendants.

    (3) Whether **Va. Code** § 24.2-545(D) is alleged to interfere with the ability to vote as permitted by (1) national party rules or (2) local party rules; and, if so, how;

and whether the ability to vote as permitted by national or local party rules constitutes a First Amendment right.

(4) Factors in deciding a "credible threat of prosecution," including whether the parties perceive that there is a shift between older ripeness jurisprudence (e.g., Steffel v. Thompson, 415 U.S. 452 (1974); Younger v. Harris, 401 U.S. 37 (1971)) and more recent ripeness jurisprudence (e.g., Susan B. Anthony List v. Driehaus, 134 S.Ct. 2334 (2014); Holder v. Humanitarian Law Project, 561 U.S. 1 (2010); North Carolina Right to Life, Inc. v. Bartlett, 168 F.3d 705 (4th Cir. 1999)). If the parties perceive such a shift, the parties shall take care not to base their briefing solely upon older law.

(5) The views of the Attorney General of Virginia, and separately the views of the Commonwealth's Attorney defendant (if different than those of the Attorney General of Virginia) on enforceability of **Va. Code.** § 24.2-545(D) if the rules of the national or state parties (Republican or Democrat) allow voting by a delegate in a manner different than that prescribed by Virginia statute, and whether that view is pertinent to

        decide whether the Plaintiff faces a credible threat of prosecution.

(6) Authority (or lack thereof) for the proposition that a delegate is entitled to vote his conscience at a national convention.

(7) Whether the parties agree to proceed under Fed. R. Civ. P. 65(a)(2) and consolidate the trial on the merits with the hearing on the Temporary Restraining Order and Preliminary Injunction.

Such discussion should be contained in the briefing currently set (Order, Docket No. 11), unless a different schedule is set hereafter.

    Additionally, Plaintiff shall file with the Court by not later than 3:00 p.m. on June 28, 2016, the most current rules of the state and national Republican and Democratic parties, and shall particularly identify the provisions relevant to this case. If Plaintiff anticipates that these rules will be amended prior to the Republican or Democratic National Conventions in a manner relevant to this case, Plaintiff shall submit a sworn declaration stating: (1) the procedure for such anticipated amendment and (2) the anticipated new and relevant content that Plaintiff expects the amendments will contain.

    Further, the parties shall submit a record (either by stipulation or, if they cannot agree, separately) explaining:

3

(a) how delegates are actually chosen and how delegates are allocated among primary contenders; and (b) whether and how **Va. Code** § 24.2-545(D) was applied or enforced in the presidential election process in 2004, 2008, and 2012. The parties shall explain how, if at all, that record pertains to this case, including to the existence of a credible threat of prosecution.

The timing for submission of such record, together with potential modification of the Local Rules' page limitations, shall be discussed at a conference call at 3:00 p.m. on June 28, 2016.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June __, 2016