UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CARROLL BOSTON CORRELL, JR., on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK R. HERRING, in his official capacity as Attorney General of the Commonwealth of Virginia,<br><br>MARC ABRAMS, in his official capacity as Commonwealth Attorney for the City of Winchester,<br><br>JAMES B. ALCORN, in his official capacity as Chairman of the Virginia State Board of Elections,<br><br>CLARA BELLE WHEELER, in her official capacity as Vice Chairman of the Virginia State Board of Elections,<br><br>SINGLETON MCALLISTER, in her official capacity as Secretary of the Virginia State Board of Elections, and<br><br>EDGARDO CORTEZ, in his official capacity as Commissioner of the Virginia Department of Elections,<br><br>    Defendants. | Civil No. 3:16-cv-00467-REP |

**FIRST AMENDED VERIFIED CLASS ACTION COMPLAINT
FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Carroll Boston Correll, Jr., on behalf of himself and all others similar situated, alleges as follows:

## Nature of the Action

1. The First Amendment to the United States Constitution guarantees delegates to a political party's national convention the right to vote their conscience, free from government compulsion, when participating in the selection of their party's presidential nominee. Nonetheless, Virginia law acts to strip them of that right, imposing criminal penalties on delegates who vote for anyone other than the primary winner on the first ballot at a national convention. That law cannot be sustained under the First Amendment or as a legitimate exercise of Virginia's authority under the United States Constitution.

2. Carroll Boston Correll, Jr., a delegate to the 2016 Republican National Convention, brings this action on behalf of himself and other Virginia delegates to the Republican National Convention to obtain emergency injunctive relief that allows those Virginia delegates to vote their consciences at the Convention free from the threat of criminal sanction.

## Jurisdiction and Venue

3. This action arises under the First and Fourteenth Amendments to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; the doctrine recognized in *Ex Parte Young*, 209 U.S. 123 (1908); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction of the Court is conferred by 28 U.S.C. § 1331 and 1343 because the Plaintiff's claims arise under the United States Constitution.

4. The United States District Court for the Eastern District of Virginia is a proper federal venue for this action under 28 U.S.C. § 1391(b)(1) because all the Defendants are residents of Virginia and at least one Defendant resides in the Eastern District of Virginia.

## Parties

5. Plaintiff Carroll Boston Correll, Jr. ("Correll"), is a delegate from the Tenth Congressional District of Virginia to the 2016 Republican National Convention. He resides in Winchester, Virginia, and is a registered voter. Correll has been elected twice as Chairman of the Winchester Republican Committee, served as a member of the Tenth Congres-

sional District Republican Committee, and has participated in campaigns for federal, statewide, and local Republican candidates.

6.     Defendant Mark R. Herring is the Attorney General of the Commonwealth of Virginia. He is responsible, *inter alia*, for defending the constitutionality of Virginia legislative enactments. He is named in his official capacity.

7.     Defendant Marc Abrams is the Commonwealth Attorney for Winchester, Virginia. As a Commonwealth Attorney, he is responsible for prosecuting violations of the Code of Virginia, including the provision at issue in this action. Va. Code § 15.2-1627(b). He is named in his official capacity.

8.     Defendants James B. Alcorn, Clara Belle Wheeler and Singleton McAllister are the Chairman, Vice Chairman and Secretary, respectively, of the Virginia State Board of Elections ("the Board"). They are charged with the responsibility to "make rules and regulations and issue instructions…to promote the proper administration of election laws," and "may petition a circuit court or the Supreme Court, whichever is appropriate, for a writ of mandamus or prohibition, or other available legal relief, for the purpose of ensuring that elections are conducted as provided by law." Va. Code § 24.2-103. They are named in their official capacities.

9.     Defendant Edgardo Cortez is the Commissioner of the Virginia Department of Elections, which is an agency of the Commonwealth of Virginia that is charged with the responsibility to conduct the Board's operations and discharge the Board's duties, consistent with delegated authority. Mr. Cortez is named in his official capacity.

## Facts

10.     Under Virginia law, a political party may choose to select its delegates to the national convention to choose the party's nominees for President and Vice President of the United States through a method that includes a primary election. Va. Code § 24.2-545(A).

11.     If such a primary election is used to select delegates and alternates, Section 545(D) of Title 24.2 of the Virginia Code ("Section 545(D)") provides that "the slate of del-

egates and alternates of the candidate receiving the most votes in the primary shall be deemed elected by the state party unless the party has determined another method for allocation of delegates and alternates." Va. Code § 24.2-545(D).

12. If a party employing such a primary election chooses to select delegates through some other means, including conventions, "those delegates and alternates shall be bound to vote on the first ballot at the national convention for the candidate receiving the most votes in the primary unless that candidate releases those delegates and alternates from such vote." Va. Code § 24.2-545(D).

13. Accordingly, if a Virginia political party holds a presidential primary to determine the preferences of its members and then selects delegates through conventions, those delegates are required by Virginia law to vote, on the first ballot of the national convention, for the candidate who received the most votes in the primary.

14. Those delegates are not free to vote their conscience.

15. Violations of Section 545(D) are Class 1 misdemeanors subject to prosecution and criminal punishment. Va. Code § 24.2-1017; Va. Code § 24.2-1001. Under Virginia law, a Class 1 misdemeanor is subject to "confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both." Va. Code § 18.2-11(a).

16. In the 2016 presidential election cycle, the Republican Party of Virginia held a presidential primary, but the Party did not select its delegates and alternatives in the primary.

17. Instead, the Republican Party of Virginia selected delegates and alternatives through conventions.

18. The 2016 Virginia presidential primaries were held on March 1, 2016. Donald J. Trump received the most votes in the Republican primary, with 34.7 percent of votes.

19. Section 545(D) Code therefore obligates Republican Party delegates from Virginia to vote, on the first national convention ballot, for Donald Trump.

20. In particular, Section 545(D) obligates Correll, as a delegate to the Republican National Convention, to vote for Donald Trump on the first ballot of the convention.

21. Correll believes that Donald Trump is unfit to serve as President of the United States and that voting for Donald Trump would therefore violate Correll's conscience. Accordingly, Correll will not vote for Donald Trump on the first ballot, or any other ballot, at the national convention. He will cast his vote on the first ballot, and on any additional ballots, for a candidate whom he believes is fit to serve as President, thereby violating Section 545(D).

22. The Republican Party of Virginia's rules, as required by the rules of the national party but in apparent conflict with Virginia law, allocate delegates proportionally. Because Donald Trump won far less than a majority of the votes in the Virginia primary, the Republican Party of Virginia's rules allocate him only 17 of 49 delegates. Accordingly, if Correll were to cast his first-ballot vote at the convention in accordance with the Republican Party of Virginia's rules, there is a substantial likelihood (greater than 65 percent) that he would have to vote for a candidate other than Mr. Trump, thereby violating Section 545(D).

23. The rules governing voting at the Republican National Convention will not be set in their final form until shortly before the first ballot. In general, previous Republican National Convention rules have provided that state delegations subject to binding requirements other than those authorized by the rules would be penalized. For example, the 2012 Republican National Convention Rules provided that a state delegation that was required (under the Rules) to observe proportional allocation but instead used a "winner-take-all" allocation would lose half its delegate seats at the Convention. Accordingly, Section 545(D)'s "winner-take-all" allocation, in violation of party rules, may prevent Correll and other Virginia delegates from being seated at all at the 2016 Republican National Convention.

24. In general, previous Republican National Convention rules have not required delegates to vote in accordance with state party rules, including those purporting to bind a

5

delegate to vote for a particular candidate. In general, previous Republican National Convention rules have not independently prevented delegates from voting their consciences, irrespective of state party rules. *See generally* Curly Haugland & Sean Parnell, Unbound, v–vi (2016)[1]; *id.* at Appendix C (listing dozens of invocations of conscience protections at previous Republican National Conventions).

25. Concerned that he could face criminal penalties if he cast his first-ballot convention vote for a candidate other than Donald Trump, on May 25, 2016, Correll contacted Brooks Braun, a policy analyst at the Virginia Department of Elections, to request an advisory opinion regarding the application of Section 545(D). Braun referred the request to the Commonwealth Attorney for the city of Winchester, Defendant Marc Abrams.

26. On June 2, 2016, Correll contacted Abrams to request an advisory opinion on the application of Section 545(D) and a statement on how Abrams would respond if Correll were to vote for a candidate other than Donald Trump on the first convention ballot.

27. On June 8, 2016, Abrams responded via email to Correll's inquiry: "[T]he first rule of statutory construction dictates that we are to interpret words of a statute use the ordinary meaning of the language…. The plain meaning of…Va. Code §24.2-545(D) would appear clear." Correll understood Abrams's response to indicate that voting for a candidate other than Donald Trump on the first ballot at the Republican National Convention would constitute a violation of Virginia law.

28. On June 8, 2016, Correll contacted the William Steele, Chairman of the Electoral Board for the City of Winchester to request an advisory opinion on the application of Section 545(D). Steele instructed Correll to contact the Department of Elections.

29. On June 8, 2016, Correll again contacted the Virginia Department of Elections, to request an advisory opinion regarding the application of Section 545(D). The Department has yet to respond.

---

[1] Available at http://thisiscommonsense.com/pdf/Unbound_online.pdf.

30. On June 19, 2016, Donald Trump stated that, with respect to the prospect that delegates such as Correll would vote for a candidate other than Donald Trump at the Convention, "they can't do it legally."

31. Donald Trump is known to be litigious and has been, according to news reports, involved in at least 3,500 legal actions. According to news reports, Trump has brought lawsuits of questionable legal merit against persons for the apparent purpose of harassing or punishing them. Based on these reports, Correll is concerned that voting against Trump at the convention may subject him to retaliatory litigation by Trump, Trump's campaign, or other persons or entities associated with Trump, based in part on Section 545(D).

32. The 2016 Republican National Convention will be held in Cleveland, Ohio, on July 18–21.

33. With less than one month to go before the 2016 Republican National Convention, Correll stands in jeopardy of criminal prosecution and punishment for exercising his First Amendment rights of speech and association to vote for a candidate other than Donald Trump on the first ballot at the Convention.

34. That threat, inherent in Section 545(D), subjects Correll to impending irreparable injury, through either prosecution or loss of his ability to exercise his First Amendment rights at a time of paramount importance in our Nation's political life.

35. Because any attempt under color of law to enforce Section 545(D) would violate Correll's rights under the United States Constitution, and exceed the Commonwealth of Virginia's powers, Correll is entitled to relief under 42 U.S.C. § 1983, the Court's equitable authority, and the Declaratory Judgment Act.

## Class Allegations

36. Correll brings this action on his own behalf and pursuant to Federal Rule of Civil Procedure 23(b)(2) on behalf of the Class of all Virginia delegates to the 2016 Republican Party National Convention.

37. The Class consists of 49 delegates. Joinder of so many parties is impractical due to their numerosity, as well as the need to obtain relief in a relative short order of time, before the National Convention, so that Class members' rights can be vindicated in a meaningful fashion.

38. This case involves only questions of law common to all Class members—specifically regarding the lawfulness of Section 545(D)—and no questions of fact unique to any Class member. In short, every Class member faces precisely the same legal injury based on the same threatened application of the same statutory provision.

39. For that reason, Correll's claims are typical of those of other Class members, making him an appropriate representative of the Class. Indeed, his claims are identical to those of other Class members, and are not antagonistic to those of any Class member, as the relief sought herein would not prevent any Class member from voting for any candidate.

40. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

41. Correll and his counsel will fairly and adequately protect the interests of absent class members. There are no conflicts between Correll's claims and those of absent Class members that would make Class certification inappropriate. Counsel for the Plaintiff are highly experienced in constitutional litigation, including First Amendment and federalism issues, and will vigorously assert the claims of all Class members.

### Count I:
### Section 545(D) the Freedom of Speech Protected by the First and Fourteenth Amendment

42. Plaintiff repeats and re-alleges the allegations of Paragraphs 1–41.

43. The First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, protects the right to free speech, including political speech.

8

44. An individual's vote for a presidential nominee at a party's nominating convention constitutes political speech protected by the First Amendment.

45. Section 545(D) abridges that right by stripping delegates to a party's nominating convention of their freedom to vote their conscience, or to vote consistent with party rules, when selecting a presidential nominee and mandating that they vote for a particular candidate.

46. Violation of Section 545(D) is subject to criminal prosecution and punishment under Virginia law.

47. Section 545(D) is not narrowly tailored and is unsupported by any compelling government interest.

48. Section 545(D) therefore violates the First and Fourteenth Amendments.

**Count II:**
**Section 545(D) Violates the Freedom of Association Protected**
**by the First and Fourteenth Amendment**

49. Plaintiff repeats and re-alleges the allegations of Paragraphs 1–41.

50. The First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, protects the right to freedom of association, including association for political purposes.

51. Participating in a party convention and choosing party leaders and nominees are exercises of the right to freedom of association protected by the First Amendment.

52. Section 545(D) abridges that right by stripping delegates to a party's nominating convention of their freedom to vote their conscience, or to vote consistent with party rules, when selecting a presidential nominee and mandating that they vote for a particular candidate.

53. Violation of Section 545(D) is subject to criminal prosecution and punishment under Virginia law.

54. Section 545(D) is not narrowly tailored and is unsupported by any compelling government interest.

55. Section 545(D) therefore violates the First and Fourteenth Amendments.

## Count III:
### Section 545(D) Exceeds Virginia's Authority Under the Constitution

56. Plaintiff repeats and re-alleges the allegations of Paragraphs 1–41.

57. The United States Constitution preempts the States from regulating in certain areas that implicate exclusively federal interests.

58. "The States themselves have no constitutionally mandated role in the great task of the selection of Presidential and Vice-Presidential candidates." *Cousins v. Wigoda*, 419 U.S. 477, 489–90 (1975).

59. Section 545(D) exceeds the powers retained by the Commonwealth of Virginia under the United States Constitution.

60. Accordingly, Section 545(D) is preempted and not otherwise authorized by the United States Constitution and cannot be lawfully enforced.

## Count IV:
### Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201 and 2202

61. Plaintiff repeats and re-alleges the allegations of Paragraphs 1–41.

62. An actual controversy exists between Defendants and Plaintiff regarding the constitutionality of Section 545(D).

63. Plaintiff, on behalf of himself and Class members, is entitled to a declaration of rights under the United States Constitution and any further necessary or proper relief against Defendants pursuant to 28 U.S.C. §§ 2201 and 2202.

## Count V:
### Temporary, Preliminary, and Permanent Injunctive Relief

64. Plaintiff repeats and re-alleges the allegations of Paragraphs 1–41.

65. Plaintiffs' and Class members' First and Fourteenth Amendment rights are well established under case law of the Supreme Court and courts of appeals. *See, e.g., Kusper v. Pontikes*, 414 U.S. 51 (1973); *Cousins v. Wigoda*, 419 U.S. 477 (1975); *United States v. Wisconsin ex rel. La Follette*, 450 U.S. 107 (1981); *Eu v. San Francisco Democratic Central Committee*, 489 U.S. 214 (1989). Accordingly, Plaintiff has a strong likelihood of success on the merits of this action.

66. Plaintiff and other Class members will imminently suffer irreparable injury as a result of Defendants' application and enforcement of Section 545(D) to restrict Plaintiff and Class members from fully and freely exercising their core constitutional rights of political speech and association at a time of urgent need. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

67. Defendants will suffer no injury at all if they are enjoined from enforcing Section 545(D). Enforcement of that provision does not further public safety or any other substantial interest of the Commonwealth of Virginia.

68. An injunction would serve the public interest, as the public interest favors the exercise of First Amendment rights and is not harmed by the injunction of government action that is likely unconstitutional. *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589–90 (7th Cir. 2012).

**Prayer for Relief**

Plaintiff Carroll Boston Correll, Jr., respectfully requests that the Court grant the following relief:

a) A temporary restraining order or preliminary injunction, entered prior to July 8, 2016, enjoining Defendants, their agents, officers, employees, successors, and all persons acting in concert with each or any of them from implementing, enforcing, or giving any effect to the final sentence of Section 545(D) of Title 24.2 of the Virginia Code;

b) An order determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

c) An order declaring that the final sentence of Section 545(D) of Title 24.2 of the Virginia Code to be facially unconstitutional and entering judgment for Plaintiff and members of the Class;

d) A permanent injunction enjoining Defendants, their agents, officers, employees, successors, and all persons acting in concert with each or any of them from implementing, enforcing, or giving any effect to the final sentence of Section 545(D) of Title 24.2 of the Virginia Code;

e) Costs and attorneys' fees pursuant to 42 U.S.C. § 1988 or any applicable statute or authority; and

f) Such other relief as this Court determines is just and proper.

Dated: June 29, 2016

Respectfully submitted,

/s/ Mark W. DeLaquil
DAVID B. RIVKIN, JR. (admitted pro hac vice)
ANDREW M. GROSSMAN (admitted pro hac vice)
MARK W. DELAQUIL (VA. BAR # 68088)
RICHARD B. RAILE (VA. BAR # 84340)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.
Suite 1100
Washington, D.C. 20036
Phone: (202) 861-1527
Facsimile: (202) 861-1783
mdelaquil@bakerlaw.com

*Attorneys for Plaintiff and the Proposed Class*

## Verification

I hereby state under penalty of perjury that the foregoing complaint is true and correct to the best of my knowledge and belief.

Executed on this 29th day of June, 2016.

Carroll Boston Correll, Jr.

Dated: June 29, 2016

Respectfully submitted,

/s/ Mark W. DeLaquil
DAVID B. RIVKIN, JR. (admitted pro hac vice)
ANDREW M. GROSSMAN (admitted pro hac vice)
MARK W. DELAQUIL (VA. BAR # 68088)
RICHARD B. RAILE (VA. BAR # 84340)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.
Suite 1100
Washington, D.C. 20036
Phone: (202) 861-1527
Facsimile: (202) 861-1783
mdelaquil@bakerlaw.com

*Attorneys for Plaintiff and the Proposed Class*

## Verification

I hereby state under penalty of perjury that the foregoing complaint is true and correct to the best of my knowledge and belief.

Executed on this 29th day of June, 2016.

Carroll Boston Correll, Jr.

## Certificate of Service

I hereby certify that on June 29, 2016, I am causing a copy of the foregoing to be filed by the Court's CM/ECF system, which will result in service on counsel of record for all Defendants via electronic mail.

/s/ Mark W. DeLaquil
MARK W. DELAQUIL (VA. BAR # 68088)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.
Suite 1100
Washington, D.C. 20036
Phone: (202) 861-1527
Facsimile: (202) 861-1783
mdelaquil@bakerlaw.com